Paul J. Halasz
Kevin J. Duffy
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300
*Attorneys for Plaintiff,*
*Kevin D'Costa*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN D'COSTA, | Hon. Madeline Cox Arleo, U.S.D.J. |
| | Hon. Michael A. Hammer, U.S.M.J. |
| Plaintiff, | |
| v. | Civil Action |
| | No. 2:15-cv-5310 |
| JONATHAN D. PLAZA; CESAR A. MASCHANG; and JOHN AND JANE DOES 1-30, | |
| | **AMENDED COMPLAINT** |
| Defendants. | **AND JURY DEMAND** |
| | (Document Electronically Filed) |

Plaintiff Kevin D'Costa ("Plaintiff"), by way of Amended Complaint against defendants Jonathan D. Plaza ("Plaza"), Cesar A. Maschang ("Maschang"), and John and Jane Does 1-30 (the "JDs") (collectively, "Defendants"), alleges as follows:

### THE PARTIES

1.  Plaintiff is an individual residing at 712 Springfield Avenue in Newark, New Jersey, and was, at all times relevant to the events alleged herein, a prisoner incarcerated at Northern State Prison ("NSP").

95150985.1

-1-

2. Plaza, against whom claims are asserted in his personal capacity only, is a Corrections Officer employed by the New Jersey Department of Corrections ("NJDOC") and assigned to NSP.

3. Maschang, against whom claims are asserted in his personal capacity only, is a Corrections Officer employed by the NJDOC and assigned to NSP.

4. John and Jane Does 1-30 are fictitious designations meant to represent other Corrections Officers and/or employees of the NJDOC, presently unknown, who participated or failed to intervene in an assault upon Plaintiff at NSP on approximately March 1, 2015.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District of New Jersey.

## FACTUAL BACKGROUND

### A. Defendants' Responsibility for Plaintiff's Custody and Care

8. In March of 2015, Plaintiff was incarcerated at NSP.

9. During Plaintiff's incarceration at NSP, Defendants were responsible for Plaintiff's care, custody and treatment.

### B.     March 1, 2015 Assault Upon Plaintiff

10.     On approximately March 1, 2015, Plaintiff, a Muslim, was engaged in prayer in the Day Room of NSP.

11.     Immediately upon completion of prayer, Plaintiff was summoned by Plaza to a podium located within the Day Room.

12.     Plaza informed Plaintiff that he was prohibited from engaging in prayer in the Day Room.

13.     While informing Plaintiff that he was prohibited from engaging in prayer in the Day Room, Plaza raised his voice, adopted an aggressive manner, and exhibited hand movement.

14.     Concerned about the aggression and hand movement exhibited by Plaza, Plaintiff stepped back from Plaza.

15.     Plaza then asked Plaintiff why he was moving away from him.

16.     Plaintiff informed Plaza that he was concerned about the possibility that Plaza would unintentionally strike him if Plaza continued moving his hands.

17.     Plaza informed Plaintiff that if Plaza wanted to hit Plaintiff, there would be no reason to worry about the outcome because Plaintiff was "not on [his] level."

18.     Seeking to avoid any potential conflict with Plaza, Plaintiff then stated his intention to return to his cell.

19.     Plaintiff turned around and began walking away from Plaza.

20.     While walking toward his cell, Plaintiff was suddenly and without warning accosted by Plaza, who sprayed a chemical agent on Plaintiff's face and body.

21.     Plaza initiated a "Code 33," which caused Maschang and the JDs to immediately respond to the vicinity in which Plaza and Plaintiff were located.

22. Plaza, Maschang, and the JDs restrained Plaintiff with handcuffs.

23. Plaza, Maschang, and the JDs tackled Plaintiff to the floor, where they pinned him in a face-down posture.

24. Plaza, Maschang, and the JDs repeatedly struck Plaintiff in the back, chest and ribs.

25. Throughout the assault against him, Plaintiff was restrained by handcuffs, incapacitated by the chemical agent sprayed on his face, and unable to defend himself.

26. During the course of the assault perpetrated against Plaintiff in the Day Room, Defendants observed and remarked to each other that the events were being captured by surveillance cameras.

27. In order to continue their assault upon Plaintiff without further detection by the surveillance cameras, Defendants carried Plaintiff to an adjoining hallway that was known to be a "blind spot" for surveillance cameras.

28. While the assault upon Plaintiff resumed in the "blind spot" in the hallway, Maschang expressed his intention to "get all you Muslims."

29. During the assault in the hallway, Plaza, Maschang and the JDs slammed Plaintiff's head into the floor and pulled Plaintiff's dreadlocks from his head.

30. During the assault in the hallway, Plaza, Maschang and the JDs kicked Plaintiff, punched Plaintiff, and made verbal threats against Plaintiff's life.

**C.     March 1, 2015 Deprivation of Medical Care**

31. Following the assault, Plaintiff was transported to an examination room at the Special Housing Unit (SHU) of NSP.

32. At the SHU, Plaintiff was seen briefly by medical staff, who inquired as to whether he was hurt.

33. Before Plaintiff could inform medical staff that he was injured and in pain, Plaintiff was interrupted by Maschang, who informed the medical staff that Plaintiff was okay and did not need any help.

34. Plaintiff was then dragged out of the examination room and placed into an isolation cell.

35. Plaintiff remained in solitary confinement from March 1, 2015 until March 2, 2015, during which he was stripped of all clothing and forced to remain naked.

36. Plaintiff sustained injuries as the result of the assault, including but not limited to a fractured rib and bruising throughout his chest and back.

37. In addition, as the result of the assault, Plaintiff experienced extreme pain, stiffness, headaches, light sensitivity, and emotional trauma.

**D.     Issuance and Dismissal of Disciplinary Charges Against Plaintiff**

38. On March 2, 2015, Plaintiff was transported to the D-Unit of NSP.

39. Plaintiff was informed that he would remain in the D-Unit to await the completion of a disciplinary proceeding arising from a disciplinary report, authored by Plaza, charging Plaintiff with the following infractions: (1) *256, refusing to obey a direct order; (2) *005, threatening another with bodily harm; and (3) *803/*002, attempting to assault any person.

40. In support of the foregoing charges, Plaza stated that on March 1, 2015, Plaintiff "approached my podium in a aggressive manner waving his hands in this officers face. I then gave him a direct order to Back up and he then lunged forward in that same aggressive manner. At that point I pulled my OC Spray and deployed it."

41. Following an investigation, each of the foregoing charges against Plaintiff were dismissed on March 19, 2015.

42. In dismissing all charges against Plaintiff, the Disciplinary Hearing Officer noted that a video was reviewed on March 6, 2016, subsequent to which the disciplinary hearing was postponed to allow Plaza to respond to the Disciplinary Hearing Officer's request for an answer to the following inquiry: "What was said that was threatening?"

43. The Disciplinary Hearing Officer noted in its report that Plaza never provided any further information in response to the foregoing inquiry.

### E.  Exhaustion of Administrative Remedies

44. In approximately April or May of 2015, Plaintiff provided notice to the Special Investigations Division ("SID") of the NJDOC regarding the assault perpetrated against him by Defendants through the submission of an "Inmate Grievance Form."

45. The "Inmate Grievance Form" submitted by Plaintiff was returned to Plaintiff with instructions to instead submit an "Institution Inquiry Form."

46. Plaintiff thereafter submitted an "Institution Inquiry Form."

47. In response to Plaintiff's submission of an "Institution Inquiry Form" regarding the assault upon him, Plaintiff was visited by a female employee of the SID (the "Investigator").

48. The Investigator informed Plaintiff that Defendants would not be penalized for perpetrating an assault against him.

49. The Investigator further informed Plaintiff that she would "get back to [him]" regarding the progress or status of his grievance against Defendants.

50. The Investigator informed Plaintiff that a receipt for his "Institution Inquiry Form" would be sent to him by mail.

51. Plaintiff never received any further information or notice of any determination regarding his grievance against Defendants.

52. Plaintiff never received a receipt for his "Institution Inquiry Form."

53. On approximately May 15, 2015, Plaintiff directed correspondence to the United States Department of Justice regarding the assault perpetrated against him by Defendants, and copied representatives of the Federal Bureau of Investigation ("FBI"), U.S. Attorney's Office ("USAO"), and Essex County Prosecutor's Office ("ECPO").

54. On approximately June 22, 2015, Plaintiff directed correspondence to New Jersey Attorney General John Hoffman regarding the assault perpetrated against him by Defendants, and again copied representatives of the FBI, USAO, and ECPO.

55. In Plaintiff's June 22, 2015 correspondence, he specifically noted that the SID had failed and refused to investigate the matter.

56. Plaintiff thereafter commenced this litigation on July 7, 2015.

## COUNT ONE – 42 U.S.C. § 1983

**(EXCESSIVE FORCE, DELIBERATE INDIFFERENCE, AND IMPAIRMENT OF FREE EXERCISE OF RELIGION)**

57. Plaintiff repeats and realleges each of the paragraphs above as if fully set forth herein.

58. Plaintiff is a citizen of the United States.

59. At all relevant times herein, the Defendants had a duty to ensure the safety and well being of Plaintiff, an inmate in their custody.

60. At all relevant times herein, the Defendants were acting under color of state law.

61. The assault upon Plaintiff by Defendants, which entailed excessive physical force, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

62. The actions and inaction of the Defendants with respect to the medical care which was or should have been rendered to Plaintiff, following Defendants' assault upon Plaintiff, which includes without limitation Maschang's actions in informing medical personnel that Plaintiff did not require medical attention despite actual knowledge of Plaintiff's serious medical condition, constitute deliberate indifference to Plaintiff's serious medical needs, and unnecessary and wanton infliction of pain upon Plaintiff, in violation of the Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

63. In prohibiting Plaintiff from engaging in prayer in the Day Room of NSP, and subsequently assaulting him while expressing an intention to "get" Muslims, Defendants interfered with and impaired Plaintiff's right to exercise his religion freely, without justification, in violation of the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

64. As a result of the foregoing deprivation of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to exercise his religion freely, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment in his favor against the Defendants as follows:

    (a) Compensatory damages, together with costs and interest;

    (b) Punitive damages;

    (c) Reasonable attorney's fees and costs; and

(d) Such other and further relief as the Court shall deem equitable and just.

## COUNT TWO – NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-2

**(EXCESSIVE FORCE, DELIBERATE INDIFFERENCE, AND IMPAIRMENT OF FREE EXERCISE OF RELIGION)**

65. Plaintiff repeats and realleges each of the paragraphs above as if fully set forth herein.

66. Plaintiff is a citizen of the United States and a resident of the State of New Jersey.

67. At all relevant times herein, the Defendants had a duty to ensure the safety and well being of Plaintiff, an inmate in their custody.

68. At all relevant times herein, the Defendants were acting under color of state law.

69. The assault upon Plaintiff by Defendants, which entailed excessive physical force, constitutes cruel and unusual punishment in violation of Article 1, Section 12 of the New Jersey State Constitution.

70. The actions and inaction of the Defendants with respect to the medical care which was or should have been rendered to Plaintiff, following Defendants' assault upon Plaintiff, which includes without limitation Maschang's actions in informing medical personnel that Plaintiff did not require medical attention despite actual knowledge of Plaintiff's serious medical condition, constitute deliberate indifference to Plaintiff's serious medical needs, and unnecessary and wanton infliction of pain upon Plaintiff, in violation of Article 1, Section 12 of the New Jersey State Constitution.

71. In prohibiting Plaintiff from engaging in prayer in the Day Room of NSP, and subsequently assaulting him while expressing an intention to "get" Muslims, Defendants interfered with and impaired Plaintiff's right to exercise his religion freely, without justification, in violation of Article 1, Section 4 of the New Jersey State Constitution.

72. As a result of the foregoing deprivation of his rights, under the New Jersey State Constitution, to be free from cruel and unusual punishment and to exercise his religion freely, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment in his favor against the Defendants as follows:

(a) Compensatory damages, together with costs and interest;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs; and

(d) Such other and further relief as the Court shall deem equitable and just.

### **COUNT THREE – ASSAULT AND BATTERY**

73. Plaintiff repeats and realleges each of the paragraphs above as if fully set forth herein.

74. In their assault upon Plaintiff on or about March 1, 2016, Defendants acted with intent to cause a harmful or offensive contact with Plaintiff.

75. Defendants made, threatened, or permitted harmful physical contact with Plaintiff without his consent.

76. As a result of Defendants' actions, Plaintiff was placed in imminent apprehension of harm.

77. Plaintiff sustained physical injury and other damages as the result of the assault upon him by Defendants.

WHEREFORE, Plaintiff demands judgment in his favor against the Defendants as follows:

(a) Compensatory damages, together with costs and interest;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs; and

(d) Such other and further relief as the Court shall deem equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury of all issues so triable herein.

DAY PITNEY LLP<br>
Attorneys for Plaintiff Kevin D'Costa<br><br>
/s/ <i>Paul J. Halasz</i><br>
PAUL J. HALASZ<br>
A Member of the Firm

Dated: August 19, 2016

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

DAY PITNEY LLP<br>
Attorneys for Plaintiff Kevin D'Costa<br><br>
/s/ <i>Paul J. Halasz</i><br>
PAUL J. HALASZ<br>
A Member of the Firm

Dated: August 19, 2016

95150985.1

-11-

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused the within Amended Complaint to be served upon the following counsel via ECF and e-mail:

>Adam Robert Gibbons, D.A.G.
>Office of the Attorney General of New Jersey
>R.J. Hughes Justice Complex
>25 Market Street
>P.O. Box 112
>Trenton, NJ  08625

/s/ *Kevin J. Duffy*
KEVIN J. DUFFY

Dated:  August 19, 2016