# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN D'COSTA, | Civil Action No. 15-5310 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| J. PLAZA, et al., | |
| Defendants. | |

## I. INTRODUCTION

In his Amended Complaint, Plaintiff Kevin D'Costa ("Plaintiff") alleges that he was assaulted by Corrections Officer Jonathan D. Plaza ("Plaza"), Corrections Officer Cesar A. Maschang ("Maschang"), and several other unidentified employees of the New Jersey Department of Corrections ("NJDOC"), and was subsequently denied medical care for his injuries. The alleged assault and denial of medical care occurred while he was incarcerated at Northern State Prison. Plaintiff asserts claims against Plaza, Maschang, and the unidentified co-assailants for constitutional violations arising under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), and for assault and battery under New Jersey state law. Plaza and Maschang ("Defendants") now move to dismiss Plaintiff's state law claims based upon Plaintiff's non-compliance with the notice requirement of the New Jersey Tort Claims Act ("TCA"). Because the Court finds that Plaintiff has provided sufficient facts at this early stage of the proceedings to suggest that he substantially complied with the notice requirement of the TCA, the Court will deny without prejudice the motion to dismiss at this time.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### a. Factual Background

Plaintiff was allegedly assaulted by Defendants and other unidentified corrections officers on March 1, 2015. (*See* ECF No. 32, Amended Compl. at ¶¶ 10-30). On that same date, he was also allegedly deprived of medical care for his injuries. (*Id.* at ¶¶ 31-35.) Plaintiff was charged with disciplinary violations stemming from the incident, but the charges were dismissed on March 19, 2015, following a disciplinary hearing in which both Plaintiff and Defendant Plaza testified. (*Id.* at ¶¶ 38-43.)

Plaintiff's Amended Complaint contains a section related to Plaintiff's attempts to exhaust his administrative remedies, which is reproduced verbatim below:

> E. Exhaustion of Administrative Remedies
>
> 44. In approximately April or May of 2015, Plaintiff provided notice to the Special Investigations Division ("SID") of the NJDOC regarding the assault perpetrated against him by Defendants through the submission of an "Inmate Grievance Form."
>
> 45. The "Inmate Grievance Form" submitted by Plaintiff was returned to Plaintiff with instructions to instead submit an "Institution Inquiry Form."
>
> 46. Plaintiff thereafter submitted an "Institution Inquiry Form.
>
> 47. In response to Plaintiff's submission of an "Institution Inquiry Form" regarding the assault upon him, Plaintiff was visited by a female employee of the SID (the "Investigator").
>
> 48. The Investigator informed Plaintiff that Defendants would not be penalized for perpetrating an assault against him.
>
> 49. The Investigator further informed Plaintiff that she would "get back to [him]" regarding the progress or status of his grievance against Defendants.

---

[1] The Court recounts only the facts and procedural history necessary to resolve the instant motion to dismiss.

> 50. The Investigator informed Plaintiff that a receipt for his "Institution Inquiry Form" would be sent to him by mail.
>
> 51. Plaintiff never received any further information or notice of any determination regarding his grievance against Defendants.
>
> 52. Plaintiff never received a receipt for his "Institution Inquiry Form."
>
> 53. On approximately May 15, 2015, Plaintiff directed correspondence to the United States Department of Justice regarding the assault perpetrated against him by Defendants, and copied representatives of the Federal Bureau of Investigation ("FBI"), U.S. Attorney's Office ("USAO"), and Essex County Prosecutor's Office ("ECPO").
>
> 54. On approximately June 22, 2015, Plaintiff directed correspondence to New Jersey Attorney General John Hoffman regarding the assault perpetrated against him by Defendants, and again copied representatives of the FBI, USAO, and ECPO.
>
> 55. In Plaintiff's June 22, 2015 correspondence, he specifically noted that the SID had failed and refused to investigate the matter.
>
> 56. Plaintiff thereafter commenced this litigation on July 7, 2015.

(ECF No. 32, at ¶¶ 44-56.)

Plaintiff, in response to Defendants' motion, has also provided several documents referenced in the "Exhaustion of Administrative Remedies" section of his Amended Complaint. Specifically, he has attached a copy of an "Inmate Grievance Complaint", which describes the March 1, 2015 assault and its aftermath. (ECF No. 39-4, attached at Ex. C to Plaintiff's Opposition Brief.) Plaintiff has also attached the May 15, 2015 correspondence to the United States Department of Justice, Civil Rights Division (ECF No. 39-5, Attached as Ex. D), and the June 22, 2015 correspondence to New Jersey Attorney General John Hoffman. (ECF Nos. 39-6, Attached as Ex. E). Both letters provide the date, location, and details of the assault and its aftermath, and seeks to have criminal charges filed against the perpetrators. (*See id.*)

**b. Procedural History**

Plaintiff commenced this action through the submission of a *pro se* Complaint on July 7, 2015. (ECF No. 1.) On July 27, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and determined that dismissal was unwarranted. (ECF No. 2.) On November 20, 2015, Defendants filed a motion to dismiss the Complaint. (ECF No. 12.) On May 19, 2016, the Court granted Plaintiff's request for the appointment of pro bono counsel, and administratively terminated the first motion to dismiss. (ECF No. 19.) Plaintiff, through counsel, filed an Amended Complaint on August 19, 2016. (ECF No. 32.) On September 8, 2016, Defendants filed a second motion to dismiss. (ECF No. 36.) In the second motion to dismiss, Defendants seek dismissal only as to Count III of the Amended Complaint, which contains Plaintiff's state law assault and battery claims against Defendants. (*Id.*)

### III. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

The Court's review of a motion to dismiss for failure to state a claim is generally limited to the contents of the complaint, including any attached exhibits. *See Horne v. Crisostomo*, No. CIVA 06-3430 JAG, 2007 WL 2123701, at *2 (D.N.J. July 19, 2007) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). The court, however, also may consider documents

specifically referenced in the complaint, and matters of public record. *Id.* (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357).

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IV. **ANALYSIS**

a. **Consideration of Documents Outside the Amended Complaint**

The Court begins by addressing whether the documents submitted by Defendant and Plaintiff may be considered without converting the motion to dismiss to a summary judgment motion.2 "Generally, when ruling on a motion to dismiss, a court may not consider matters

---

2 In their motion to dismiss, Defendants have submitted a certification to establish that Plaintiff did not submit a notice of tort claim, and appear to ask the Court to convert the motion so as to

outside the pleadings." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 291–92 (D.N.J. 2009). A court, however, may consider documents that are "integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into a motion for summary judgment. *Id.* (citing *in re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted)); *see also Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004) ("A document integral to or explicitly relied on in the complaint 'may be considered without converting the motion [to dismiss] into one for summary judgment.'") (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Indeed, "[p]laintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Id.*

The Court need not convert the motion to consider the documents attached to Plaintiff's opposition brief, as they are plainly referenced in his Amended Complaint, and Defendants have not challenged their authenticity. Although the Court declines to consider the certification attached by Defendants on their motion to dismiss or to convert the motion, it notes that Plaintiff's Amended Complaint does not allege that he filed an actual notice of tort claim.

### b. Defendants' Motion to Dismiss Plaintiff's State Law Tort Claims

Defendants have moved to dismiss Plaintiff's state law tort claims, citing Plaintiff's failure to satisfy the requirements of the New Jersey Tort Claims Act, N.J.S.A. § 59:8–3, which states: "No action shall be brought against a public entity or public employee under this act

---

consider the exhibit. (ECF No. 36-1, Moving Brief at 5.) Defendants have not, however, included a Rule 56 statement as required by L.Civ. R. 56.1.

unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."[3]

Under the TCA, "parties suing public entities must comply with strict requirements for notifying and suing those entities." *Macklin v. Cty. of Camden*, No. CV 15-7641 (JBS/AMD), 2016 WL 3545520, at *2 (D.N.J. June 28, 2016) (citing *Feinberg v. State, D.E.P.*, 644 A.2d 593, 597 (N.J. 1994)). The NJTCA bars suit against a government agency or employee unless the party seeking to bring the action has presented those claims "in accordance with the procedure set forth in this chapter." N.J.S.A. 59:8-3. A claim against the state must be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission, here, presumably, the NJDOC. *See* N.J. Stat. Ann. § 59:8–7; *Waheed v. Atkins*, Civ. No. 09–467, 2010 WL 148798, *6 (D.N.J. Jan. 13, 2010) (finding that notice to NJDOC may satisfy the Act's notice requirement where defendant was corrections officer at New Jersey State Prison).

The claim notice must include, among other things, (1) the name and address of the claimant; (2) the address for sending communication about the claim (2) the "date, place, and other circumstances of the occurrence" which gave rise to the claim; (3) a "general description of the injury, damage, or loss incurred so far as it may be known at the time"; (4) the name of the public entity, employee, or employees causing the injury; and (5) the amount claimed as of the date of presentation of the claim, "including the estimated amount of any prospective injury, damage or loss, insofar as it may be known at the time of the presentation of the claim, together

---

[3] Defendants are public employees under N.J. Stat. Ann. § 59:1–3. Suits against public employees in their individual capacity are subject to the notice provisions of the TCA. *Lassoff v. New Jersey*, 414 F.Supp.2d 483, 490 n. 19 (D.N.J.2006).

with the basis of computation of the amount claimed." N.J.S.A. 59:8-4. In addition, "the notice is triggered by the occurrence of the injury," *Beauchamp v. Amedio*, 751 A.2d 1047, 1053 (N.J. 2000), and must be filed with the public entity within ninety 90 days of the claim's accrual, or the plaintiff is barred from recovering damages. *See* N.J.S.A. 59:8-8.

"[T]he 'harshness' of the ninety-day requirement is alleviated by the statutory provision that allows the late filing of a notice of a claim under limited circumstances." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. at 146-47 (2013) (quoting *Rogers v. Cape May Cty.. Office of the Pub. Defender*, 208 N.J. 414, 420 (2011)). Pursuant to N.J.S.A. 59:8-9, a claimant who fails to file a notice of claim within 90 days may nonetheless be permitted, upon application to the Superior Court of New Jersey, to file a notice of claim within the one-year period following accrual. *See id.*

Defendants argue that Plaintiff's state law tort claims must be dismissed because he failed to a notice of tort claim and also failed to file a late tort claims notice within the one period provided for in N.J. Stat. Ann. § 59:8-9. (Moving Br. at 6-7.) In his opposition brief, Plaintiff contends that he substantially complied with the TCA "by providing at least five different forms of notification to the [NJ]DOC regarding his claims in the 90-day period following the assault." (ECF No. 39, Opposition Br. at 1.) Plaintiff contends that the Court should "invoke the doctrine of substantial compliance to excuse Plaintiff's technically defective notice in favor of an adjudication of Plaintiff's claims on their merits." (*Id.*)

New Jersey courts "invoke the doctrine of 'substantial compliance'" to ensure that the notice-of-claim requirement does not bar claims "based on mere technicalities." *May v. Borough of Pine Hill*, 755 F. Supp. 2d 623, 630 (D.N.J. 2010). To demonstrate substantial compliance with the notice-of-claim requirement, a plaintiff must demonstrate: (1) the lack of prejudice to

the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute. *Id.* (quoting *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 151 (2003)). Thus, where notice is given that is technically defective but sufficient to satisfy the purposes for which notice is required, the doctrine of substantial compliance "'temper[s] the draconian results' wrought by a dismissal with prejudice resulting from an 'inflexible application of the statute.'" *Lebron v. Sanchez*, 407 N.J. Super. 204, 215-16 (App. Div. 2009) (quoting *Ferreira*, 178 N.J. at 151); *see also D.D. v. Univ. of Med. & Dentistry of New Jersey*, 213 N.J. 130, 159 (2013) (explaining that the doctrine, when applied in the tort context, has been "limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute") (citing *Lebron*, 407 N.J. Super. at 214–15 (concluding that notice that identified plaintiff and her attorney, set forth date and description of incident, listed injuries and demanded damages, but that did not specifically assert legal theory of negligent supervision substantially complied).

Relying primarily on *Brown v. Arrayo*, No. CIV. 08-2661 RMB/KMW, 2012 WL 4506550, at *6 (D.N.J. Sept. 28, 2012), Plaintiff contends that the doctrine of substantial compliance has been invoked to deny a motion for summary judgment in circumstances closely analogous to those presented here. (*See* ECF No. 39, Opposition Br. at 9.) In *Brown*, a *pro se* plaintiff alleged that he was assaulted by corrections officers while incarcerated. The defendants sought summary judgment on plaintiff's state law claims based upon his failure provide a notice of claim within 90 days following the assault. *Id.* at *1, *5. The Court found that while the plaintiff had not filed "a formal notice of tort claim," he had written letters "complaining of the

incident to the state Attorney General's Office, as well as the governor, his senator, and the Cumberland County prosecutor's office." *Id.* at *5-6. Those letters were written within 90 days of the assault. *Id.* The plaintiff had also verbally notified an officer the Special Investigation Division of the DOC on the day that the assault occurred. *Id.* Applying the doctrine of substantial compliance, the Court denied the motion as follows:

> Here, despite his pro se status, Plaintiff made significant efforts to alert the appropriate authorities to his claims. To the extent that he did not satisfy each of the [TCA's] technical requirements, he generally complied with the purpose of the statute . . . He notified both the state Attorney General's Office and the DOC of his injuries within the requisite ninety days and gave them a detailed account of what happened.
>
> Since the DOC investigated the incident only five days after it occurred, the Defendants did not suffer any prejudice from a lack of formal notice, and the purpose of the [TCA] was achieved . . . .
>
> While it is unclear whether Plaintiff expressed a desire to pursue both criminal and civil assault and battery claims, such a technicality will not defeat a pro se plaintiff's otherwise diligent efforts to prosecute his claims…Since Plaintiff has substantially complied with the [TCA], the Court rejects this basis for summary judgment of his tort claims.

*Id.* at *6. (internal citations omitted). Similarly, in *Small v. Whittick*, No. CIV.A. 06-1363, 2010 WL 3881303, at *6 (D.N.J. Sept. 27, 2010) the district court denied summary judgment on Plaintiff's TCA claim, finding that "[a]lthough Plaintiff did not file a formal notice with the County of Camden, he did file a formal grievance with CCCF and notified the warden directly in writing as well." As the Court explained, "[i]mportantly, Plaintiff also filed a complaint with the New Jersey Attorney General, which described the event in detail and expressed his desire to press charges against Defendant. In light of these efforts, the Court finds that Plaintiff has substantially complied with the Act." *Id.*

In reply, Defendants do not distinguish or otherwise address *Brown*. Instead, they argue that each allegation of notice in the Amended Complaint, <u>standing alone</u>, fails to constitute substantial compliance under the TCA. Citing *D.D.*, 213 N.J. at 160, Defendants contend that the doctrine of substantial compliance can <u>never</u> apply where the notice is oral; as such, in their view, Petitioner's statements to the SID investigator and/or his disciplinary hearing testimony cannot provide the required notice. Citing to an unpublished Appellate Division decision, *Haymes v. Timmerman*, No. L–0910–13, 2015 WL 998676, at *2 (App. Div. Mar. 9, 2015), Defendants also contend that Petitioner's grievance to prison officials is insufficient to constitute the required notice.4 (*Id.* at 4.) Finally, Defendants contend that Plaintiff's written correspondence to the United States Department of Justice, upon which representatives of the FBI, USAO, and ECPO were copied, is insufficient because it is directed at the wrong entities and authorities. Defendants do not address whether Plaintiff's attempts cumulatively amount to substantial compliance, as the district court found in *Brown*. Nor do they address whether the Court should consider Plaintiff's June 22, 2015 letter to the Attorney General, which appears to have been submitted outside the 90-day period, as additional evidence of his substantial compliance.

Having considered the arguments of the parties, the Court finds the facts in the Amended Complaint, construed in Plaintiff's favor, plausibly suggest that he substantially complied with the notice requirements of the TCA. At this early stage of the proceedings, the Court declines to decide whether Plaintiff substantially complied with the TCA notice requirement, as this issue

---

4 *See Haymes*, 2015 WL 998676, at *2 ("[W]e find no merit in appellant's contention that the inmate remedy form and his request for medical treatment were in themselves sufficient to give notice to the prison that he had a claim. Neither document provided the information that is required in a notice of tort claim[.]").

appears better suited to a summary judgment motion, like the one in *Brown*, where the parties are able to provide more detailed factual information regarding Plaintiff's attempts to comply with the TCA notice requirement. As such, the Court will deny without prejudice the motion to dismiss at this time. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Dated: April __, 2017